UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.L., *et al.*,<br><br>           Plaintiffs,<br><br>      v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>           Defendants. | Case No. 1:23-cv-01769-KES-CDB<br><br>ORDER DENYING PARTIES' STIPULATED REQUEST TO EXTEND CASE MANAGEMENT DATES<br><br>(Doc. 57) |

Pending before the Court is the parties' joint stipulated request to extend the time for taking discovery in advance of their briefing of Plaintiffs' anticipated motion for class certification, filed on July 11, 2025 -- the deadline to complete nonexpert discovery. (Doc. 57 at 3-4).

In support of the request, the parties represent that they have exchanged written discovery requests and engaged in substantial meet and confer efforts concerning disputes related to said requests. The parties represent that they have met and conferred regarding depositions of Plaintiffs and accommodations for their completion, particularly as to mutually available dates. They further represent that they have met and conferred regarding the scope of topics at issue in the deposition requested by Plaintiff pursuant to Federal Rule of Civil Procedure 30(b)(6), and have come to an agreement regarding the scope thereof, with said deposition to proceed on a mutually available date after the depositions of Plaintiffs J.M. and C.T. Lastly, the parties provide that they are "in the process of further meeting and conferring concerning the scope of a subpoena that Plaintiffs

directed to non-party International Board of Credentialing and Continuing Education Standards ('IBCCES')." (Doc. 57 at 2).

**Discussion**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Moreover, in the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. Local Rule 144(d). Instead, this Court's local rules require counsel to "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon *as the need for an extension becomes apparent*." *Id.* (emphasis added).

Here, the parties failed to file in support of their stipulated request any attorney affidavit or

1  declaration, as required by the operative scheduling order.  (Doc. 35 at 4, noting "Stipulations
2  extending the deadlines contained herein will not be considered unless they are accompanied by
3  affidavits or declarations, and where appropriate attached exhibits, which establish good cause for
4  granting the relief requested"; emphasis omitted).  Furthermore, the parties filed their stipulated
5  request on the first date they seek to extend -- deadline for completing nonexpert discovery.  Thus,
6  the parties' request violates Local Rule 144 as any such extension will be *nunc pro tunc.*  The Court
7  disfavors granting relief *nunc pro tunc* and admonishes the parties to exercise better care and to
8  adhere to this Court's Local Rules in all future filings.  Finally, the unattested representations
9  contained in the parties' stipulation fall short of demonstrating good cause for the requested
10 extension -- the parties provide scarce details about their undertaking of discovery to date that
11 prevents the Court from assessing their diligence.

12 For the foregoing reasons, the Court will deny the request without prejudice.

13 **Conclusion and Order**

14 Accordingly, the parties' joint stipulated request to extend case management dates (Doc.
15 57) is DENIED without prejudice.

16 IT IS SO ORDERED.

17 Dated:  **July 14, 2025**
18 UNITED STATES MAGISTRATE JUDGE

3