UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.L., et al, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., et al.,<br><br>Defendant. | No. 1:23-cv-01769-KES-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO PROCEED UNDER A PSEUDONYM AND DEFENDANTS' MOTION TO DISMISS<br><br>(Docs. 36, 46) |

Plaintiffs I.L., C.T., and J.M., on behalf of themselves and others similarly situated, allege that defendants Six Flags Entertainment Corp., Magic Mountain LLC, Park Management Corp., and Six Flags Concord LLC's (collectively, "Six Flags") Attraction Access Program violates provisions of the Americans with Disabilities Act and California law.  Doc. 23.  Six Flags moves to dismiss this action, arguing that plaintiffs do not have, and should not be granted, leave to proceed with this action under pseudonyms.  Doc. 36.  Plaintiffs oppose dismissal and move to proceed under pseudonyms.  Doc. 46.  The Court took the motions under submission.  Docs. 45, 56.  For the reasons set forth below, plaintiffs' motion to proceed under pseudonyms is granted in part and denied in part, and defendants' motion to dismiss is denied in part and granted in part.

1

## I. BACKGROUND

In their first amended complaint, plaintiffs seek class action relief and assert violations of (1) Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., (2) California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq., and (3) the California Disabled Persons Act, Cal. Civ. Code § 54 et. seq.  Doc. 23 ("FAC").  Plaintiffs I.L., C.T., and J.M. allege they have ADA-qualifying disabilities that impair their ability to make full use and enjoyment of Six Flags' facilities without accommodations.  *Id.*  The complaint alleges I.L. has several physical and mental impairments, including sciatic nerve damage, post-traumatic stress disorder ("PTSD"), and gastroesophageal reflux disease ("GERD"), that C.T. has Postural Orthostatic Tachycardia Syndrome ("POTS") and borderline personality disorder, and that J.M. has muscular dystrophy.  *Id.* ¶¶ 20, 22, 25.

On March 28, 2024, plaintiffs filed a motion to proceed under pseudonyms, which was stricken by the assigned magistrate judge based on plaintiffs' failure to comply with the local rules and the Court's standing order.  Docs. 15, 16.  The action was subsequently stayed temporarily pending private mediation efforts, and the magistrate judge later set various scheduling deadlines.  Doc. 25, 29.  On March 21, 2025, defendants moved to dismiss this action on the basis that plaintiffs had failed to obtain leave to proceed under pseudonyms.  Doc. 36.  Plaintiffs opposed dismissal, argued that proceeding under pseudonyms was proper, and represented that they intended to file a motion to proceed under pseudonyms.  Doc. 38.  Plaintiffs subsequently filed their motion to proceed under pseudonyms, which Six Flags opposes.[1]  Docs. 46, 52.  The Court took both motions under submission.

## II. LEGAL STANDARD

"The normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir 2010) (citing Fed.

---

[1] Six Flags filed evidentiary objections to plaintiffs' counsel's declaration in support of plaintiffs' motion to proceed under pseudonyms.  Doc. 52-1.  To the extent that the Court relies upon evidence to which a party objects in deciding the instant motions, the objections are overruled.  To the extent the Court does not, the objections are denied as moot.

2

1  R. Civ. P. 10(a)).  This presumption reflects the "paramount importance of open courts[.]" *Id.* at
2  1046.  However, parties may proceed anonymously "when special circumstances justify secrecy."
3  *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  A party may
4  proceed under a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is
5  necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'"
6  *Id.* at 1067-68 (citation omitted).  The Ninth Circuit has identified three such situations: (1) when
7  identification would create a risk of retaliatory physical or mental harm; (2) when anonymity is
8  necessary to preserve privacy for sensitive and highly personal matters; and (3) when the litigant
9  is compelled to admit an intention to engage in illegal conduct, thereby risking criminal
10 prosecution.  *See id.* at 1068.

11  The district court has discretion to determine whether there are "special circumstances"
12 justifying anonymity by evaluating whether a "party's need for anonymity outweighs prejudice to
13 the opposing party and the public's interest in knowing the party's identity." *Id.*  "The common
14 law rights of access to the courts and judicial records are not taken lightly." *Kamehameha*, 596
15 F.3d at 1042.  As such, the Court needs to evaluate "the precise prejudice at each stage of the
16 proceedings to the opposing party, [ ] whether proceedings may be structured so as to mitigate
17 that prejudice[,]" and whether the public's interest is served by requiring the litigants to reveal
18 their identities.  *Advanced Textile Corp.*, 214 F.3d at 1068–69.

19 **III.    ANALYSIS**

20  In its motion to dismiss, Six Flags requests that plaintiffs' first amended complaint be
21 dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction for plaintiffs' failure to
22 comply with Rule 10(a).  Specifically, Six Flags argues that plaintiffs have not received leave to
23 proceed under pseudonyms and cannot make a showing of a need to proceed anonymously.
24 Doc. 36.  Six Flags requests that the plaintiffs be required to re-file their first amended complaint
25 with the plaintiffs' names in compliance with Rule 10(a). *Id.*

26  A party may move to dismiss a case for lack of subject matter jurisdiction under Federal
27 Rule of Civil Procedure 12(b)(1).  "[D]istrict courts within the Ninth Circuit have concluded that
28 dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed

3

under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss." *Doe v. U.S. Healthworks Inc.*, No. CV 15-05689 SJO (AFMx), 2016 WL 11745513, at *2 (C.D. Cal. Feb. 4, 2016) (internal quotation marks and citation omitted); *see also Doe v. N. Orange Cnty. Cmty. Coll. Dist.*, No. SACV 17-01776-CJC(DFMx), 2018 WL 6137623, at *4 (C.D. Cal. Feb. 2, 2018) (collecting cases). As such, the Court will evaluate whether plaintiffs may proceed under pseudonyms.

### A. Whether Plaintiffs May Proceed under Pseudonyms

Plaintiffs I.L., C.T., and J.M. request to proceed in this putative class action using their initials. To evaluate whether plaintiffs may proceed using their initials rather than their names, the Court balances the plaintiffs' privacy interests against prejudice to the defendants and the public's right of access to judicial proceedings. *Advanced Textile Corp.*, 214 F.3d at 1068-69.

#### 1. Privacy Interests

Plaintiffs argue that they should be permitted to use their initials in publicly filed documents to protect their privacy because this matter involves sensitive and highly personal matters. Doc. 46 at 12-23. Plaintiffs argue generally that there is a significant social stigma associated with disability status and related impairments and that they would be hesitant to maintain this lawsuit if their names became public. *Id.* at 15. Plaintiffs further argue that their disabilities make them susceptible to being the victims of stereotypes and social stigma if they were to disclose sensitive medical information. Doc. 46 at 15-23. Plaintiff C.T. has sufficiently made this showing, at least at this stage of the proceedings. However, plaintiffs J.M. and I.L. do not establish any such specific circumstances warranting anonymity.

Although physical and mental illnesses can raise significant privacy concerns, the Court must consider the degree of social stigma associated with a condition when evaluating a plaintiff's privacy interests. *R.W. v. Columbia Basin Coll.*, No. 4:18-CV-5089-RMP, 2018 WL 11436320, at *2 (E.D. Wash. Oct. 16, 2018) (citation omitted). "The key inquiry is whether the condition is uncommon, to the point where the social stigmatization would be substantial upon revelation of the condition." *Id.* Although plaintiffs request to proceed anonymously because of the general social stigmatization that individuals with disabilities face, plaintiffs J.M. and I.L.

4

1  have failed to make a showing that any generalized social stigma involved in the disclosure of
2  their identities would reach the level of severity that courts have found sufficient to allow a
3  plaintiff to proceed under a fictitious name.  *See Dep't of Fair Emp. & Hous. v. L. Sch. Admission*
4  *Council, Inc.*, No. C-12-1830 EMC, 2012 WL 3583023, at *3 (N.D. Cal. Aug. 20, 2012)
5  (surveying cases).

6        While the Court is sympathetic to the fact that plaintiffs with physical and mental health
7  disabilities may face discrimination, to warrant proceeding under pseudonyms plaintiffs must
8  show that their specific circumstances raise more significant concerns than those that plaintiffs
9  typically face in court cases involving mental health or other disabilities.  Courts evaluating a
10 plaintiff's privacy concerns based on a disability examine whether the mental illness or condition
11 at issue rises to the level of social stigmatization that warrants anonymity by taking into
12 consideration both the specific condition at issue and the effect that disclosure would have on the
13 plaintiff's personal circumstances.  *See e.g., Doe v. Clinic*, No. CV-24-01509-PHX-DGC, 2024
14 WL 4769771, at *2 (D. Ariz. Nov. 13, 2024) (medical condition alone would not justify
15 anonymity, but granting anonymity because, after balancing factors, plaintiff's lawsuit against her
16 medical school "could negatively impact her ability to match to a residency"); *Doe v. Elson S*
17 *Floyd Coll. of Med. at Washington State Univ.*, No. 2:20-cv-00145-SMJ, 2021 WL 4197366, at
18 *2 (E.D. Wash. Mar. 24, 2021) (plaintiff allowed to proceed anonymously because her mental
19 illnesses, including anxiety and depression, and status as a survivor of domestic violence made
20 her particularly vulnerable to mental harm).  The disability condition must generally be
21 exceptional and stigmatizing to warrant anonymity.  *See Doe v. UNUM Life Ins. Co. of America*,
22 164 F. Supp. 3d 1140, 1146 (N.D. Cal. 2016).

23       Here, plaintiffs claim generally that persons with physical and mental health conditions
24 face discrimination, but plaintiffs J.M. and I.L. fail to show that the disclosure of their identities
25 in the complaint would cause specific, significant detrimental consequences based on their
26 personal circumstances.

27       The complaint alleges that plaintiff J.M. suffers from muscular dystrophy, a condition that
28 causes progressive weakness and loss of muscle mass and prevents her from fully enjoying Six

1   Flags' facilities without certain accommodations.  FAC ¶ 25.  As a result of her physical

2   disabilities, J.M. uses a wheelchair in her daily activities and has a personal caregiver for ten

3   hours a day to accommodate her mobility limitations.  Doc. 54-2 ¶ 3.  J.M.'s declaration largely

4   focuses on the alleged discrimination she faced at Six Flags and makes only general, speculative

5   allegations that she might experience social and professional harm if not allowed to proceed

6   anonymously.  *See* Doc. 54-2.  However, plaintiffs do not present evidence that J.M.'s condition

7   raises privacy concerns beyond those typically present in cases involving physical disabilities.  A

8   "generalized fear of harm to one's personal reputation or professional reputation, even if it might

9   result in economic harm, is not enough to justify anonymity."  *Doe v. Revature LLC*, No. 2:22-

10  CV-01399-TL, 2023 WL 4583470, at *6 (W.D. Wash. July 18, 2023).  J.M. alleges a generalized

11  fear of stigmatization and embarrassment if her name is publicly disclosed, but she fails to

12  provide specific facts to support a finding that she would be socially or professionally harmed if

13  not allowed to proceed anonymously.  *See* Doc. 52.  J.M. has not shown that her specific

14  conditions and circumstances are so uncommon or stigmatizing as to warrant anonymity.  *See*

15  *Alyssa C. v. Palo Alto Hous. Corp.*, No. C 07-1112 JW, 2007 WL 878524, at *2 (N.D. Cal. Mar.

16  20, 2007) (denying motion to proceed under pseudonym where plaintiff alleged only a fear of

17  stigmatization and embarrassment related to her disability); *Doe v. Brooks Automation US LLC*,

18  No. 3:24-CV-01284, 2025 WL 936659, at *3 (M.D. Tenn. Mar. 27, 2025) (mobility-related

19  physical disability not a matter of "'utmost intimacy' for purposes of proceeding under a

20  pseudonym"); *Berg v. Allied Universal Sec. Servs.*, No. 24-CV-1311, 2025 WL 1937885, at *2

21  (E.D. Wis. July 15, 2025) (denying motion to proceed under pseudonym for plaintiff with

22  fibromyalgia).

23         Likewise, plaintiffs have failed to show that I.L.'s conditions and specific circumstances

24  warrant anonymity.  Plaintiffs do not provide a declaration from I.L. or other specific evidence

25  regarding I.L.'s circumstances.[2]  Plaintiffs have not provided evidence supporting I.L.'s specific

26

27  [2] In their reply, plaintiffs indicate that they do not intend for I.L. to be a representative of the putative class in the forthcoming motion for class certification but will continue to pursue
28  individual relief as to I.L.  Doc. 54 at 11-12 & n.4.

need for anonymity. Without evidence that I.L.'s individual circumstances raise a heightened concern, I.L.'s disabilities do not by themselves warrant anonymity as a matter of course. *See Langworthy v. Whatcom Cnty. Superior Ct.*, No. C20-1637-JCC, 2021 WL 1788391, at *5 (W.D. Wash. May 5, 2021) (plaintiff, who had anxiety disorder and PTSD, denied anonymity where plaintiff's concerns did not rise above the level of speculation); *Doe v. JBF RAK LLC*, No. 2:14-CV-00979-RFBGWF, 2014 WL 5286512, at *8 (D. Nev. Oct. 15, 2014) (denying motion to proceed anonymously where plaintiff, who had PTSD, did not submit evidence that she would suffer substantial additional mental injury if her identity was publicly disclosed); *M.L. v. Bondi*, No. 1:24CV00017, 2025 WL 1296180, at *7 (W.D. Va. May 5, 2025) (although plaintiff's mental health conditions weighed in favor of anonymity, plaintiff did not allege privacy or confidentiality concerns that were sufficiently critical to allow the case to proceed under pseudonym.).[3]

With regard to C.T., plaintiffs have made the requisite showing that C.T.'s conditions and circumstances create a privacy interest weighing in favor of anonymity, at least at this stage in the proceedings. C.T. alleges she has disabilities including POTS and borderline personality disorder. FAC ¶ 22; Doc. 54-1 ¶ 3. C.T. asserts that she would face social stigma and negative assumptions about her behavior, reliability, and mental stability due to her borderline personality disorder, which would affect her socially and professionally. Doc. 54-1 ¶¶ 3, 13. C.T. asserts that employers in the past have not hired her once they learned about her borderline personality disorder, and she fears that public disclosure of her name in this case would harm her current and

---

[3] Plaintiffs also argue that the disclosure of their identities would conflict with the relief that they seek – that is, using their names in this litigation would force them to reveal their identities and disabilities, which is what they allege Six Flags unlawfully forced them to do. Doc. 46 at 22-23. Plaintiffs appear to argue that the Court should allow pseudonymity because of the nature of their ADA claim. However, "there is no freewheeling right to maintain anonymity in ADA actions." *Doe v. Regents of Univ. of California*, No. 22-CV-1506 JLS (VET), 2025 WL 1030247, at *. (S.D. Cal. Apr. 7, 2025). Allowing actions to proceed anonymously simply because there is an alleged ADA violation is contrary to the common law right of access to the courts and to judicial records that underlies the presumption against anonymity. *See Kamehameha Sch.*, 596 F.3d at 1042. Further, while the Court may consider the relief sought when balancing the *Advanced Textile* factors, this Circuit requires that district courts take into consideration all the *Advanced Textile* factors in exercising their discretion. *Id.*

7

future job prospects. *Id.* ¶ 8. For the purposes of this stage of the proceedings, C.T. has sufficiently shown that her mental health condition and circumstances establish a privacy interest in maintaining anonymity.

Because plaintiffs I.L. and J.M. fail to show that they would face substantial negative consequences due to their specific health conditions and circumstances if their identities were made public in the complaint, they have not shown a need for maintaining their anonymity in this case. *See Dep't of Fair Emp. & Hous.*, 2012 WL 3583023, at *4. With regard to plaintiff C.T., the Court finds that she has established a privacy interest in maintaining anonymity at this stage of the proceedings.

### 2. Prejudice

The parties dispute whether Six Flags will be prejudiced if plaintiffs proceed under pseudonyms. Plaintiffs have provided Six Flags with their names, the parties have entered into a stipulated protective order, and plaintiffs have agreed that their names can be used in discovery and at trial. Doc. 46 at 25-16. Six Flags argues they will be prejudiced if the Court requires extensive and costly sealing and redaction in publicly filed documents, particularly because there is impending class certification briefing. Doc. 52 at 9. This putative class action concerns Six Flags' alleged discriminatory practices against individuals with disabilities. Given the nature of the allegations, it is likely that defendants will have to redact information or seal documents regardless of whether plaintiffs' identities are made public. *See Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011). The Court is unpersuaded that the cost of redaction or sealing is a sufficient reason to compel plaintiffs to disclose their identities.

The parties have filed responsive pleadings, entered into a stipulated protective order, and are nearing the end of the discovery period. The Court finds that there would not be significant prejudice to Six Flags if plaintiffs were to continue to proceed under pseudonyms. *See UNUM Life Ins. Co. of America*, 164 F. Supp. 3d at 1144 (no prejudice to defendant because a "well-crafted protective order would easily address defendants' concerns"); *see also Penzato*, 2011 WL 1833007, at *5 (requiring plaintiff to amend complaint would unnecessarily delay the proceedings because defendants had filed their answer, the case was in the discovery phase, and plaintiffs

8

offered to stipulate to a protective order so defendants could conduct meaningful discovery).

### 3.     Public Interest

Finally, the Court examines the public interest in knowing the identities of plaintiffs. The strong presumption against anonymity is based on the public's common law right of access to judicial proceedings. *See Advanced Textile Corp.*, 214 F.3d at 1067. The Court should balance the public's general right to access the courts and judicial records with the public's interest in seeing the case decided on the merits. *Kamehameha Sch.*, 596 F.3d at 1043.

Plaintiffs argue that their identities are not crucial to the case. Doc. 46 at 26-29. The public's right to know a plaintiff's identity may be lessened when the merits "do not hinge on the individual facts of the anonymous party, such as litigation that challenges government policies or is of great public significance." *Regents of Univ. of California*, 2025 WL 1030247, at *7 (internal quotation marks and citations omitted). A class action seeking to end a discriminatory practice is arguably of public significance. However, plaintiffs' identities and disabilities are intertwined with the merits of the case – plaintiffs seek to represent a class, and plaintiffs chose to disclose their conditions and detail how those conditions prevented them from fully enjoying Six Flags' facilities. *See Langworthy*, 2021 WL 1788391, at *5 ("[W]hen an individual brings a claim with respect to which her disabilities are central, the public has a substantial interest in knowing about those disabilities so it can meaningfully oversee the Court's exercise of its judicial power."). Moreover, plaintiffs C.T. and J.M. seek to represent a class, and they must make a showing that they are adequate class representatives in connection with the impending class certification deadlines. Where plaintiffs seek to assert claims on behalf of a class, "class members will also have a right to know the identity of their representative in this litigation (if the case goes that far)." *Doe v. NFL Enters., LLC*, No. C 17-00496 WHA, 2017 WL 697420, at *2 (N.D. Cal. Feb. 22, 2017). While the Court sympathizes with the plaintiffs' concern about revealing their identities, "there is no tradition of anonymous ADA litigation." *Langworthy*, 2021 WL 1788391, at *5. The default presumption is that plaintiffs will use their true names due to the paramount importance of open court proceedings. *Kamehameha Sch.*, 596 F.3d at 1046.

As noted above, plaintiffs I.L. and J.M. have failed to show they have a significant

9

1  privacy interest in maintaining their anonymity.  Moreover, the parties have entered into a
2  stipulated protective order regarding discovery.  They may also request to file redacted
3  documents or to file under seal to protect their sensitive medical information.  As such, at this
4  stage in the litigation proceedings, there are less extraordinary measures available to provide
5  plaintiffs I.L. and J.M. with a reasonable level of privacy protection that does not require that they
6  conceal their identities from the public.  *See UNUM Life Ins. Co. of America*, 164 F. Supp. 3d at
7  1146-47.  Without a showing that disclosure of their names is greater than those in many other
8  disability cases, the Court cannot find that the interest in seeing this action decided on the merits
9  outweighs the public's interest in access to the courts.  *Id.* (denying motion to proceed
10 anonymously where the "primary harm asserted is embarrassment and the stigma is no greater
11 than in many disability cases.").  Because plaintiffs I.L. and J.M. have not made a showing that
12 their circumstances present the "unusual" case that requires anonymity, plaintiffs' motion to
13 proceed under pseudonyms is denied as to I.L. and J.M.

14 However, C.T. has established a privacy interest in maintaining her anonymity, and
15 defendants are not prejudiced by C.T. maintaining her anonymity.  Although there is a strong
16 presumption that parties will proceed under their names, this presents less of a concern as to C.T.
17 given that the other two plaintiffs in this action will not proceed under pseudonyms.  *See Dep't of*
18 *Fair Emp. & Hous.*, 2012 WL 3583023, at *4-5 (finding public's interest in open judicial
19 proceedings satisfied where fourteen of the seventeen complainants were proceeding under their
20 real names).  Further, allowing C.T. to continue to proceed under a pseudonym will not create
21 undue delay and will allow this action to continue on the merits.  Accordingly, at this stage of the
22 proceedings, C.T.'s interest in maintaining anonymity in publicly filed court documents
23 outweighs the public's interest in disclosure and any prejudice to the defendants.  Plaintiffs'
24 motion to proceed under a pseudonym as to C.T. is granted.

25 **B.     Dismissal with Leave to Amend**

26 As I.L. and J.M. do not have leave to proceed under pseudonyms, they are dismissed from
27 this action.  However, plaintiffs may amend their complaint to add I.L. and J.M.'s true names.
28 *See U.S. Healthworks Inc.*, 2016 WL 11745513, at *2-3 (granting motion to dismiss plaintiff's

pseudonymous complaint with leave to amend). Plaintiffs I.L. and J.M. may proceed as plaintiffs in this action by filing an amended complaint within fourteen days that discloses their identities.

## IV. CONCLUSION

For the foregoing reasons:

1. Plaintiffs' motion to proceed under pseudonyms (Doc. 46) is denied as to I.L. and J.M. but is granted as to C.T.
2. The motion to dismiss (Doc. 36) is granted as to I.L. and J.M. but is denied as to C.T.
3. Plaintiffs may amend their complaint to include the true names of I.L. and J.M. within fourteen (14) days of the issuance of this order. If plaintiffs I.L. and J.M. choose not to file an amended complaint, they will be dismissed from this action without further order.

IT IS SO ORDERED.

Dated:   August 7, 2025

_____
UNITED STATES DISTRICT JUDGE