UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01769-KES-CDB<br><br>ORDER FOR PLAINTIFFS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR THEIR FAILURE TO MEET AND CONFER REGARDING THE MOTION FOR CLASS CERTIFICATION<br><br>(Docs. 70, 71, 72)<br><br>**5-Day Deadline** |

**Background**

Plaintiffs C.T. and Judy Martinez (collectively, "Plaintiffs") initiated this action with the filing of a complaint on December 26, 2023.  (Doc. 1).  On March 28, 2024, the Plaintiffs filed a motion to proceed under pseudonym.  (Doc. 15).  The next day, the Court struck the motion for violation of the Court's Local Rules and the assigned District Judge's Standing Order in Civil Cases, as a result of Plaintiffs' failure to file a notice of motion that contains a certification by counsel that meet and confer efforts have been exhausted, with a summary thereof.  (Doc. 16).

The Court issued the Class Certification Scheduling Order on December 9, 2024.  (Doc. 35).  Therein, the Court advised the parties that it "must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern

1

1  District of California." *Id.* at 3.

2  On September 26, 2025, Plaintiffs filed their motion for class certification. (Doc. 70). The motion does not include a certification by Plaintiffs' counsel that meet and confer efforts have been exhausted concerning the issues raised therein, nor does it include a brief summary of any such meet and confer efforts completed prior to the filing of the motion. *See id.* In their opposition to the motion, Defendants assert that "Plaintiffs have again failed to meet and confer on a motion" and, therefore, the motion should be struck without leave to re-file. (Doc. 71 at 9; emphasis omitted). Plaintiffs in their reply did not acknowledge or otherwise address Defendants' assertions concerning their alleged lack of good faith meet/confer efforts prior to filing their motion. *See* (Doc. 72).

**Discussion**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Local Rule 230(b) sets forth the requirements and procedure for filing a civil motion.

The assigned District Judge's Standing Orders require as follows:

> Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the *Court. A notice of motion shall contain a certification by counsel that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.*[1]

Plaintiffs were previously advised of this requirement upon the Court's striking of their motion to proceed under pseudonym. (Doc. 16). Plaintiffs again were admonished in the

---

[1] District Judge Kirk E. Sherriff, Standing Order in Civil Cases at 3, *available at* https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-district-judge-kirk-e-sherriff-kes/ (last visited November 7, 2025) (emphasis added).

Scheduling Order that the Court will insist on compliance with the Federal Rules of Civil Procedure and the Local Rules. (Doc. 35 at 3). As Plaintiffs do not address Defendants' contention that they have failed to meet and confer prior to the filing of their motion for class certification, the Court will direct Plaintiffs to show cause in writing why sanctions should not be imposed, including monetary sanctions, for their repeated failure to follow the Court's orders.

### Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that within five (5) days of entry of this order, Plaintiffs SHALL show cause in writing why sanctions should not be imposed – including monetary sanctions – for Plaintiffs failure to comply with the Court's orders and engage in the pre-filing meet and confer process.

**Any failure by Plaintiffs to timely respond to this Order will result in the imposition of sanctions, up to and including a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated: **November 7, 2025**

_____
UNITED STATES MAGISTRATE JUDGE