UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01769-KES-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND IMPOSING TOTAL SANCTION AMOUNT OF $500 UPON PLAINTIFFS' COUNSEL<br><br>(Docs. 74, 76)<br><br>**14-DAY DEADLINE** |

**Background**

Plaintiffs C.T. and Judy Martinez (collectively, "Plaintiffs") initiated this action with the filing of a complaint on December 26, 2023. (Doc. 1).

On September 26, 2025, Plaintiffs filed their motion for class certification. (Doc. 70). The motion does not include a certification by Plaintiffs' counsel that meet and confer efforts have been exhausted concerning the issues raised therein, nor does it include a brief summary of any such meet and confer efforts completed prior to the filing of the motion. *See id.*

Accordingly, on November 7, 2025, the Court issued an order directing Plaintiffs to show cause why sanctions should not be imposed for their failure to meet and confer regarding the motion for class certification, as required by the assigned District Judge's Standing Order in Civil Cases. (Doc. 74). Plaintiffs timely filed their response (Doc. 76) on November 10, 2025, attaching

1

1  the declaration of counsel for Plaintiffs Neal J. Deckant (Doc. 76-1).

2  In their response, Plaintiffs' counsel apologize for their failure to comply with the standing order of the assigned District Judge. (Doc. 76 at 4). Plaintiffs' counsel assert that the parties have been discussing the motion for class certification extensively, relating to the briefing schedule and throughout the discovery process. *Id.* at 5. Plaintiffs' counsel describe details of such discussions, namely on five different dates in 2024 and 2025, including during a full-day mediation in October 2024. *Id.* at 5-6. Plaintiffs' counsel state that "it was clear … that Defendants would strenuously oppose any effort at certification … [and] that Defendants would not concede the issue of certification, nor would they concede any significant issues relating thereto." Plaintiffs' counsel represent that they "would have filed essentially the same motion" and that "it appears there is no actual prejudice to any party" resulting from the failure to meet and confer. *Id.* at 7 (emphasis omitted).

Plaintiffs' counsel oppose monetary sanctions, on the grounds that the "deterrence value would be minimal" and the parties "did in fact extensively discuss certification issues as the case progressed, and they were indeed at an impasse …" *Id.* at 8. Plaintiffs' counsel also oppose terminating sanctions. *Id.* at 9. Mr. Deckant supports these points in his accompanying declaration. *See* (Doc. 76-1).

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority

2

and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In other words, the Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc*., 787 F.2d 1376, 1380 (9th Cir. 1986); *see Lasar v. Ford Motor Co*., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."); e.*g., Gen. Sig. Corp. v. Donallco*, *Inc*., 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order). Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.

Local Rule 230(b) sets forth the requirements and procedure for filing a civil motion. Additionally, the assigned District Judge's Standing Orders require as follows:

> Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the Court. **A notice of motion shall contain a certification by counsel that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts**.[1]

**Discussion**

This is not the first time the undersigned has admonished Plaintiffs for failing to comply

---

[1] District Judge Kirk E. Sherriff, Standing Order in Civil Cases at 3, *available at* https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-district-judge-kirk-e-sherriff-kes/ (last visited November 13, 2025) (emphasis in original).

1  with their duty to engage in meet/confer efforts with opposing counsel prior to the filing of a
2  motion.  Specifically, on March 28, 2024, Plaintiffs filed a motion to proceed under pseudonym
3  (Doc. 15) that failed to include a notice of motion containing a certification by counsel that meet
4  and confer efforts had been exhausted, with a summary of such efforts, prior to the filing of the
5  motion.  The Court, thus, struck the motion and directed Plaintiffs to re-familiarize themselves
6  with this Court's Local Rules and the District Judge's Standing Order (Doc. 16).  Plaintiffs were
7  again advised in the scheduling order that the Court will insist on compliance with the Federal
8  Rules of Civil Procedure and the Local Rules.  (Doc. 35 at 3).

9        Despite this, Plaintiffs have again failed to meet and confer prior to the filing of their
10 motion for class certification.  (Doc. 70).  The Court acknowledges Plaintiffs' counsel's assertions
11 that the parties have engaged in regular discussions concerning the motion, in light of the discovery
12 process and the parties' mediation efforts.  Nonetheless, such discussions do not excuse any party's
13 noncompliance with the District Judge's Standing Order requiring a pre-filing meet and confer
14 between the parties and a certification thereto within the notice of motion.  The importance of
15 prefiling meet/confer requirements should be obvious: it is one of the chief mechanisms a court
16 relies on for parties to identify, discuss, and narrow (if possible) genuinely disputed issues for
17 resolution.  Counsel cannot easily be excused for failing to engage in meet/confer efforts merely
18 because the general substance of an anticipated motion has been discussed and that, after the fact,
19 an opposing party opposes in full virtually all material respects the issues presented in the motion.
20 Nevertheless, here, in light of the representations of counsel in response to the Court's order to
21 show cause, the Court does not find the failure of Plaintiffs' counsel to meet and confer to be done
22 in bad faith or as a form of gamesmanship.  The sanction sought by Defendants (*e.g.*, striking
23 Plaintiff's motion for class certification without leave to re-file, *see* Doc. 71 at 9 & n.2) plainly is
24 not warranted.

25       To deter any future violations of and compel compliance with the applicable Standing
26 Order as well as the Court's Local Rules, the Court will impose a one-time monetary sanction
27 against Plaintiffs' counsel in the amount of $500.00.
28 ///

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's order to show cause (Doc. 74) issued November 7, 2025, is DISCHARGED; and

2. Plaintiffs' counsel shall pay the Clerk of the Court $500.00 in sanctions within 14 days of the entry of this order. Plaintiffs thereafter shall promptly file proof of payment.

**Any failure by Plaintiffs to timely comply with this order may result in the imposition of further sanctions.**

IT IS SO ORDERED.

Dated:   **November 14, 2025**              _____
                                            UNITED STATES MAGISTRATE JUDGE

5