UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01769-KES-CDB<br><br>ORDER GRANTING IN PART PLAINTIFFS' REQUEST TO SEAL<br><br>(Doc. 69)<br><br>ORDER GRANTING IN PART DEFENDANTS' REQUEST TO SEAL<br><br>(Docs. 81, 82)<br><br>**10-Day Deadline** |

On September 26, 2025, Plaintiff filed a motion for class certification. (Doc. 70). Defendants filed their opposition on October 17, 2025. (Doc. 71). Plaintiffs filed a reply on October 31, 2025. (Doc. 72). Defendants filed objections to reply evidence on November 7, 2025. (Doc. 75).

On February 13, 2026, the undersigned issued findings and recommendations to grant the motion in part Plaintiffs' motion for class certification. (Doc. 86). Pending before the Court are the parties' respective applications to seal and redact documents in connection with the motion for class certification. (Docs. 69, 81, 82).

**Governing Law**

Under the First Amendment, the press and the public have a presumed right of access to court proceedings and documents. *See generally Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501,

510 (1985); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal judicial system trial and pretrial proceedings are ordinarily to be conducted in public.").

As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. Cty. & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Where a party seeks to bar the public from accessing a litigation document in connection with a dispositive motion, this presumed right can be overcome if that party demonstrates "compelling reasons" supported by specific factual findings why sealing the record outweighs the historical preference for disclosure. *Kamakana*, 447 F.3d at 1178-79. The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard, which is a "high threshold." *Id.* at 1180.

**Discussion**

Whether the more lenient "good cause" standard or the "compelling reasons" standard governs the parties' requests to seal depends on the extent to which Plaintiffs' motion for class certification and accompanying documents and exhibits are relevant to the resolution of the merits of the case. *See Clay v. CytoSport, Inc.*, No. 3:15-cv-00165-L-AGS, 2017 WL 10592138, at *2 (S.D. Cal. Apr. 6, 2017) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351-52 (2011), & *Kamakana*, 447 F.3d at 1178). "Although in ruling on class certification the court does not decide the merits of the case, the inquiry overlaps with the merits inquiry. Accordingly, the party seeking to seal a judicial record in support of a motion for class certification bears the burden of overcoming the strong presumption of public access by meeting the 'compelling reasons' standard." *Id.*

As a preliminary matter, the mere fact that the parties have entered into a protective order

in this action (Doc. 53) does not, itself, rebut the presumption of access to court records. *See Gregory v. City of Vallejo*, No. 2:13-cv-00320-KJM, 2014 WL 4187365, at \*3 (E.D. Cal. Aug. 21, 2014) ("Here, the issuance of the protective order under which plaintiffs seek to seal the discovery documents at issue did not involve the court identifying and discussing the 'compelling reasons' standard. Accordingly, the presumption of access to court records is not rebutted simply because the court has entered the stipulated protective order.").

### A. Plaintiffs' Request to Seal

Plaintiffs assert that their request to seal satisfies the relevant standard and complies with Local Rule 141. The Court will analyze each set of documents requested to be sealed in turn.

As to the sensitive business information provided by Defendants, and redacted in Plaintiffs' motion for class certification (Doc. 70 at 23), Defendants have filed such information publicly and without redaction in their opposition to the motion. *See* (Doc. 71 at 26). Thus, Plaintiffs' request to permit sealing of an unredacted version of their moving brief will be denied and they will be directed to file an unredacted form of their moving brief.

Plaintiffs assert that Exhibits 4 and 5 reveal personal identifying information about Plaintiff C.T., who is proceeding under pseudonym. Upon review, the Court finds Exhibit 4 cannot be redacted or otherwise sanitized without substantial modification that would render the exhibit incomprehensible and, therefore, Plaintiff's request is granted as to Exhibit 4. The Court finds that redaction can sufficiently anonymize Exhibit 5. Thus, Plaintiffs' request is denied as to Exhibit 5. Plaintiffs will be directed file a redacted copy of Exhibit 5 and an unredacted copy under seal.

Exhibits 39 and 40 involve a non-party to this action, namely IBCCES. As IBCCES is a non-party and cannot file its own request or otherwise defend its interests regarding confidential information, and said documents were produced under a confidential designation by IBCCES, the Court grants Plaintiffs' request to seal as to Exhibits 39 and 40. *See Pitt v. Metro. Tower Life Ins. Co.*, No. 20-cv-694-RSH-DEB, 2022 WL 19001975, at \*3 (S.D. Cal. July 22, 2022) ("The Court finds a compelling reason to seal the Excel spreadsheet excerpt to protect the privacy interests of non-parties.").

As to the other documents Plaintiffs request sealed, namely Exhibits 3, 27 through 38, and

45-46, Plaintiffs assert only that the documents were provided by Defendants under a confidential designation and contain "sensitive business information." Such broad allegations of harm, without any explanation or reasoning, fail to satisfy even a "good cause" standard, let alone a "compelling reasons" standard. Thus, Plaintiffs' request is denied as to Exhibits 3, 27 through 38, and 45-46. *Est. of Neil v. Cnty. of Colusa*, No. 2:19-cv-02441-TLN-DB, 2020 WL 5535448, at *3 (E.D. Cal. Sept. 15, 2020) (noting that broad allegations of harm that are unsubstantiated by specific examples or articulated reasoning fail to satisfy "even the less stringent good cause standard") (citation omitted).

As they would be the beneficiaries of any sealing/redaction of these exhibits, the Court will direct Defendants to file either a request to seal Exhibits 3, 27 through 38, and 45-46, pursuant to Local Rule 141 and provide "compelling reasons" therefor, or a notice of non-opposition to the filing of said exhibits on the public docket. *See Monterrosa v. City of Vallejo*, No. 2:20-cv-01563-DAD-SCR, 2025 WL 1678404, at *3 (E.D. Cal. June 13, 2025) (denying plaintiffs' renewed request to seal for failure to provide compelling reasons and directing defendant to file request to seal or non-opposition to public filing of records).

### B. Defendants' Request to Redact

Defendants request that certain documents accompanying their opposition to Plaintiffs' motion be redacted. The Court will analyze each redaction request in turn.

Defendants request that Exhibit 1 to their opposition be redacted as it contains numerous instances of Plaintiff C.T.'s name. It is sufficiently clear upon review of the exhibit that redaction is necessary to give effect to the Court's order allowing C.T. to proceed under pseudonym. Thus, redaction is appropriate and the Court finds the redacted portions of Plaintiffs' copy of Exhibit 1, filed upon the docket as part of Defendants' opposition (Doc. 71-1, Ex. 1), are narrowly tailored to that purpose. Defendants also request that additional portions of Exhibit 1 be redacted as they contain mentions of C.T.'s minor children's names and disabilities. This redaction is appropriate and the Court finds the redacted portions of Plaintiffs' filed copy of Exhibit 1 (*id.* at 20, 23, 30, 32) are narrowly tailored to that purpose.

Defendants request that portions of Exhibit 4 be redacted as they contain mention of

4

Plaintiff Martinez's daughter's disabilities.   The Court finds that redaction is appropriate and the redacted portions of Plaintiffs' filed copy of Exhibit 4 (*id.* at 73) are narrowly tailored to that purpose.

Defendants request redaction of significant portions of Plaintiffs' responses to written discovery included in their exhibits.  As to one specific portion, Defendants represent that the redactions are necessary to avoid revealing C.T.'s name and the names of her minor children, which would be easily identified if the names and case numbers of lawsuits C.T. was previously party to are made public.  As to this request, the Court finds that redaction is appropriate and the redacted portions of Defendants' filed copy of Exhibit 25 (*id.* at 342-345) are narrowly tailored to that purpose.

However, as to other portions of discovery responses that have been redacted, Defendants represent only that "elimination of other text was principally for the purpose of focusing the Court on the cited discovery response at issue."  Defendants assert that portions of these responses may include confidential information.  As these portions of Plaintiffs' responses to written discovery are broadly redacted and Defendants do not provide specific reasons therefor, Defendants' request for redaction of these responses is denied.  *See id.* at 108-110, 271-273, 323-326, 332-334, 341, 346-347.

As they would be the beneficiaries of any sealing/redaction of these exhibits, the Court will direct Plaintiffs to file either a request to seal said exhibits with any proposed redactions identified or a notice of non-opposition to the unredacted filing of the exhibits on the docket.  *See Monterrosa*, 2025 WL 1678404, at *3.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiffs' request to file sealed documents (Doc. 69) is GRANTED in part.

2.  Defendants request to redact documents (Docs. 81, 82) is GRANTED in part.

3.  **Within 10 days** of the date of this Order, Plaintiffs SHALL:

    a.  File an unredacted copy of the motion for class certification (Doc. 70);

    b.  File a redacted copy of Exhibit 5, narrowly tailored to remove only the

personal identifying information of Plaintiff C.T.; and

c.  Submit a copy of this order, the request for sealing, and the documents to be sealed (Exhibits 4, 5, 39, and 40) by email to the Operations Section of the Clerk of the Court:

ApprovedSealed@caed.uscourts.gov

4.  **Within 10 days**, Plaintiffs SHALL file a request to seal certain exhibits (Doc. 71-1 Exhibits 12, 18, 21, 23, 25 at 108-110, 271-273, 323-326, 332-334, 341, 346-347) any identified therein any proposed redactions, or, alternatively, a notice of non-opposition to the unredacted filing of said exhibits on the public docket, excluding the portions of Exhibit 25 found appropriately redacted above (*id.*, Ex. 25 at 342-345).  In any such filing, Plaintiffs SHALL lodge with the Court said exhibits consistent with Local Rule 141.

5.  **Within 10 days** of the date of this Order, Defendants SHALL:

a.  Submit a copy of this order, the request for sealing, and the documents to be sealed (Exhibits 1, 4, and 25) by email to the Operations Section of the Clerk of the Court:

ApprovedSealed@caed.uscourts.gov

6.  **Within 10 days**, Defendants SHALL file a request to seal the documents contained in Exhibits 3, 27 through 38, and 45-46 to Plaintiffs' motion for class certification (Doc. 70) or, alternatively, a notice of non-opposition to the filing of said exhibits on the public docket.  In any such filing, Defendants SHALL lodge with the Court said exhibits consistent with Local Rule 141.

IT IS SO ORDERED.

Dated:  __**February 24, 2026**__          _____
                                          UNITED STATES MAGISTRATE JUDGE