UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., *et al.*, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>                    Defendants. | Case No. 1:23-cv-01769-KES-CDB<br><br>ORDER DIRECTING PARTIES TO FILE JOINT REPORT REGARDING STIPULATED REQUEST TO STAY THE ACTION<br><br>(Doc. 88)<br><br>**March 9, 2026, Deadline** |

**Background**

On February 13, 2026, the undersigned issued findings and recommendations to grant in part Plaintiffs' motion for class certification.  (Doc. 86).  Thereafter, the Court granted in part Plaintiffs' and Defendants' respective requests to seal documents filed in connection with the motion for class certification.  (Doc. 87).  In its order, the Court (1) directed the parties to submit approved documents to be sealed and, as to documents for which the requests were denied and which were produced by parties other than those requesting seal, and (2) directed the producing party to file a request to seal or, alternatively, a notice of non-opposition to the filing of said documents on the public docket.  *See id.*

Pending before the Court is the parties' stipulated request to stay proceedings and continue deadlines for filing objections to the above-referenced findings and recommendations.  (Doc. 88).

1

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

In their stipulated request, the parties seek a 120-day stay of the case to allow the parties an opportunity to explore resolution of Plaintiffs' claims prior to additional expenditure of the parties' and the Court's resources. The parties represent that the requested relief will not prejudice any of the parties nor unreasonably delay the proceedings. The parties request that the deadline to file objections to the findings and recommendations be continued to a date no earlier than seven days after the stay of the action is lifted. (Doc. 87 at 3-4).

In their request, the parties do not provide any proposed plan, schedule, or particulars concerning their intended efforts to explore resolution. Without such details, the Court is unable to determine whether a stay of 120 days' length is warranted. Thus, the Court will direct the parties' to file a joint report setting forth the particulars of their intended efforts regarding resolution of the action over the length of the requested stay. The Court also will grant a brief extension of the deadline to prepare and file objections to the findings and recommendations.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. No later than March 9, 2026, the parties' SHALL file a joint report setting forth details

2

of their intended efforts to resolve the action over the requested 120-day period the action is to be stayed, including, as appropriate, an anticipated timeline for pursuing private mediation.

2. The deadline within which to file objections to the pending findings and recommendations (Doc. 86), issued on February 13, 2026, (Doc. 88), is continued to March 16, 2026.

3. The parties' deadline to comply with the Court's order on the parties' respective requests to seal (*i.e.*, March 6, 2026; *see* Doc. 87) is unaffected by this order.

IT IS SO ORDERED.

Dated:   **March 3, 2026**                    _____
                                             UNITED STATES MAGISTRATE JUDGE

3