UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.T., *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SIX FLAGS ENTERTAINMENT CORP., *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01769-KES-CDB<br><br>ORDER ON STIPULATED REQUEST TO STAY THE ACTION<br><br>(Docs. 88, 101)<br><br>**May 26, 2026, Deadline** |

**Background**

On February 13, 2026, the undersigned issued findings and recommendations to grant in part Plaintiffs' motion for class certification. (Doc. 86). The Court thereafter granted in part Plaintiffs' and Defendants' respective requests to seal documents filed in connection with the motion for class certification. (Doc. 87).

Pending before the Court is the parties' joint stipulated request to stay proceedings. (Doc. 88). After the Court ordered the parties to file supplemental briefing regarding their joint request to stay (Doc. 91), the parties timely filed their briefing on March 9, 2026 (Doc. 101).

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

1

and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

In the parties' supplemental briefing regarding their joint stipulated request, the parties seek a 75-day stay of the case to allow the parties an opportunity to attend a mediation on April 20, 2026, before the Honorable William J. Gallo. The parties represent that a stay is appropriate to facilitate their efforts at mediation as well as any post-mediation discussions that may be required. (Doc. 101 at 3). The parties request that the deadline to file objections to the findings and recommendations be continued to a date no earlier than seven days after the stay of the action is lifted. *Id.* at 4. The parties represent that they will not be prejudiced by the requested stay. *Id.* at 3.

Here, the interests of judicial economy and efficiency are served by staying this case until the parties complete mediation. Proceeding with the litigation of this action risks wasting judicial resources, as the parties may settle their claims during the mediation.

The Court does not find that the relatively short stay anticipated will cause any hardship. The parties stipulated to the request to stay and the case will not be delayed significantly given the parties' representation that they intend to complete mediation on April 20, 2026. The "orderly course of justice" favors granting the requested stay given the purpose of the stay – to permit the parties time to pursue mediation – aims to simplify the issues and conserve resources. *See CMAX*, 300 F.2d at 268 Therefore, because the *CMAX* factors weigh toward granting of the stay, the Court finds that a stay of proceedings is appropriate in this case.

For good cause shown in the parties' stipulation, this action will be stayed pending the parties' completion of mediation.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. This action is STAYED pending the parties' completion of mediation;

2. The parties are DIRECTED to file a joint status report by **May 26, 2026**, informing the Court of the status of the mediation and setting forth their respective positions regarding further litigation of this action.

3. The deadline by which the parties shall file any objections to the pending findings and recommendations (Doc. 86), issued on February 13, 2026, is reset to **June 2, 2026**.

IT IS SO ORDERED.

Dated:   **March 16, 2026**      _____
                                 UNITED STATES MAGISTRATE JUDGE